## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEDRIC D. BROWN** | * | **CIVIL ACTION NO.** |
| | * | |
| **VERSUS** | * | **SECTION " "** |
| | * | |
| **GREAT SOUTHERN DREDGING, INC.** | * | **MAGISTRATE " "** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, comes plaintiff, Dedric D. Brown ("Brown" or "Plaintiff"), with this Complaint against Great Southern Dredging, Inc., ("Great Southern"), stating that the following causes of action are based upon the defendant's violations of 42 USC §1981 and Title VII of the Civil Rights Act of 1964, as well as, Louisiana Discrimination Law, as follows:

### **I.  PARTIES**

1.

Plaintiff, Brown, is a citizen of the State of Louisiana, and of the United States, and resides in St. Charles Parish, which is within the confines of the Eastern District of Louisiana.

2.

Defendant, Great Southern, is, upon information and belief, a Louisiana business

corporation authorized to do and doing business within the confines of the Eastern District of Louisiana.

## II.  JURISDICTION AND VENUE

3.

Brown asserts that jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331.  Brown has received his Notice of Right to Sue from the Equal Employment Opportunity Commission.

4.

Venue is proper in this district under 28 U.S.C. § 1391 (a) and 42 U.S.C. § 2000(e)-5(f).

## III.  FACTS AND ALLEGATIONS

5.

Brown is an African American.

6.

Brown began his employment with Great Southern in February of 2010.

7.

Although hired as a Pile Driver, Brown was treated as a "day laborer" beginning on his first day of employment with Great Southern.

8.

Lloyd Jenkins ("Jenkins") was a Supervisor at the job site.  Jenkins is Caucasian

9.

Brown's Foreman was a Caucasian named Kevin.

10.

On April 27, 2010, Jenkins formed a noose out of company tag line and laid the noose on the ground in the open for Brown to see.

11.

Kevin saw the noose but failed to take any action to remove the noose or have the noose removed.

12.

Brown was the only African American assigned at this particular job site.

13.

The noose remained in clear sight that entire work day.

14.

Jenkins also made racially offensive comments about Brown and the noose.

15.

Shortly thereafter, Brown injured his foot.

16.

Great Southern assigned Brown to a position that was alleged by Great Southern to be "light duty."  However, the supposed "light duty" position actually exacerbated Brown's foot injury.

17.

Brown was terminated on May 27, 2010 because Great Southern alleged that he could no longer perform this alleged "light duty" assignment.

18.

Great Southern made no effort to effectively address Brown's concerns about the

racially hostile work environment, rather Great Southern terminated him.

19.

Brown alleges that he was terminated due to his race.

20.

Brown alleges he was subjected to a racially hostile work environment.

## **COUNT ONE**

21.

Defendant's conduct as described herein is in violation of 42 USC §1981, which prohibits discrimination in employment based on race whereas the discriminatory treatment was because of plaintiff's race, as such, defendant is liable unto plaintiff for:

    A.    Back-pay (including benefits);

    B.    Front-pay (including benefits as reinstatement is impractical);

    C.    Mental anguish and depression;

    D.    Humiliation/embarrassment;

    E.    Loss of enjoyment of life;

    F.    Medical expenses;

    G.    Prejudgment interest;

    H.    Uncapped Punitive damages;

    I.    Attorney's fees;

    J.    Costs of these proceedings; and

    K.    Any injunctive relief enjoining defendants from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of federal law.

## COUNT TWO

22.

Due to the above and foregoing allegations, Great Southern is also liable unto Brown pursuant to Title VII of the Civil Rights Act, as amended, and the Louisiana Employment Discrimination Law because of prohibited discrimination due to plaintiff's race; thus, creating Great Southern's liability unto Brown for:

- A. Back-pay including benefits;
- B. Front-pay including benefits;
- C. Mental anguish;
- D. Humiliation/embarrassment;
- E. Loss of enjoyment of life;
- F. Medical expenses;
- G. Prejudgment interest;
- H. Punitive Damages;
- I. Attorney's fees;
- J. Costs of these proceedings; and
- K. Injunctive relief enjoining defendant from interfering with plaintiff's efforts to obtain future employment and enjoining and permanently restraining these violations of Louisiana Law and Federal law.

23.

Brown specifically pleads his right to recover punitive damages as Great Southern's actions were carried out with reprehensible malice and willful disregard of plaintiff's federally protected rights.

24.

Plaintiff reserves his right to supplement and amend this Complaint upon the discovery of additional facts.

25.

Plaintiff shows amicable demand to no avail.

## IV.  JURY DEMAND

26.

Plaintiff demands trial by jury.

WHEREFORE, plaintiff, Dedric D. Brown, prays that defendant, Great Southern Dredging, Inc., be duly cited to appear and answer this Complaint and Jury Demand and, after due proceedings and legal delays, there be judgment herein in favor of your plaintiff, and against defendant, as detailed in the foregoing Complaint and Jury Demand and in an amount reasonable in the premises, together with legal interest from the date of judicial demand, all costs of these proceedings, reasonable attorney's fees, punitive damages and any and all general and equitable relief deemed appropriate by this Honorable Court under the circumstances.

                        Respectfully submitted,

                        **JAMES L. ARRUEBARRENA,**
                           **ATTORNEY AT LAW, LLC.**

                        /s/ James L. Arruebarrena
                        James L. Arruebarrena (#22235)
                        Rachel Martin-Deckelmann (#32195)
                        James L. Arruebarrena, LLC
                        1010 Common Street, Suite 3000
                        New Orleans, Louisiana 70112
                        Telephone (504) 525-2520
                        Facsimile (504) 581-7083

                        **Attorney for Dedric D. Brown**

**SERVICE VIA SUMMONS**

**Great Southern Dredging, Inc.**
through its registered agent for service of process:

William H. Slaughter, III
2955 Ridgelake Dr. Suite 207
Metairie, LA 70002